| AOC-E-105  Sum Code: CI | | Case #: **19-CI-00440** |
|---|---|---|
| Rev. 9-14 | | 89634 |
| Commonwealth of Kentucky | | Court: **CIRCUIT** |
| Court of Justice  Courts.ky.gov | | County: **MADISON** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |



NOT ORIGINAL DOCUMENT
08/21/2019 11:02:58 AM

*Plantiff,* **PEREZ GAMAS, JONAS VS. DIVISION 4 CONSTRUCTION LLC**, *Defendant*

TO: **DIVISION 4 CONSTRUCTION LLC**
**125 EAGLE COVE**
**HENDERSON, TN 38340**

Memo: Registered Agent of Service exists. Alternative Service Address exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **7/19/2019**

Presiding Judge: HON. JEAN C. LOGUE (625304)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: @00000120879
CIRCUIT: 19-CI-00440 Certified Mail
PEREZ GAMAS, JONAS VS. DIVISION 4 CONSTRUCTION LLC



Page 1 of 1

eFiled

**EXHIBIT 1**

CI : 000001 of 000001

| AOC-E-105   Sum Code: CI | | Case #: 19-CI-00440 |
| Rev. 9-14 | | 08/21/2019 11:03:27 AM |
| | | 89634 |
| Commonwealth of Kentucky |  | Court: CIRCUIT |
| Court of Justice    Courts.ky.gov | | County: MADISON |
| CR 4.02; Cr Official Form 1 | CIVIL SUMMONS | |

NOT ORIGINAL DOCUMENT

# CIVIL SUMMONS

*Plantiff*, **PEREZ GAMAS, JONAS VS. DIVISION 4 CONSTRUCTION LLC**, *Defendant*

**TO:** **DIVISION 4 CONSTRUCTION LLC**
**REGISTERED AGENT: RUFINO GIL MEJIA**
**5000 OAKBROOK DR.**
**LOUISVILLE, KY 40245**

The Commonwealth of Kentucky to Defendant:
**DIVISION 4 CONSTRUCTION LLC**

You are hereby notified that **a legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **7/19/2019**

Presiding Judge: HON. JEAN C. LOGUE (625304)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Summons ID: @00000120880
CIRCUIT: 19-CI-00440 Certified Mail
PEREZ GAMAS, JONAS VS. DIVISION 4 CONSTRUCTION LLC



Page 1 of 1

eFiled

CI : 000001 of 000001

| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>08/21/2019 11:03:50 AM<br>Case #: 19-CI-00440<br>89634<br>Court:   **CIRCUIT**<br>County: **MADISON** |

*Plantiff,* **PEREZ GAMAS, JONAS VS. DIVISION 4 CONSTRUCTION LLC**, *Defendant*

TO:  **RUFINO GIL MEJIA**
     **125 EAGLE COVE**
     **HENDERSON, TN 38340**

Memo: Related party is DIVISION 4 CONSTRUCTION LLC

The Commonwealth of Kentucky to Defendant:
**DIVISION 4 CONSTRUCTION LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **7/19/2019**

Presiding Judge: HON. JEAN C. LOGUE (625304)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: @00000120881
CIRCUIT: 19-CI-00440 Certified Mail
PEREZ GAMAS, JONAS VS. DIVISION 4 CONSTRUCTION LLC



Page 1 of 1

eFiled

CI : 000001 of 000001

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CIVIL BRANCH
DIVISION _____
CASE #19-CI-_____

JONAS PEREZ GAMAS;

    Plaintiff

vs.

DIVISION 4 CONSTRUCTION LLC

    Defendant

## COMPLAINT

Plaintiff seeks to recover minimum wages, overtime wages, and wages owed to him for breach of contract.

1. This claim is in excess of the minimum necessary to establish the jurisdiction of this Court.

2. Defendant is a limited liability company with its principal office in Tennessee but which had a presence in Madison County, Kentucky when it engaged in construction work in that county.

3. Plaintiff was an employee of Defendant from April 17, 2018 until July 2018.

4. This Court has subject-matter jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court also has subject-matter jurisdiction as Plaintiff has asserted claims arising under the Kentucky Wage and Hour Act, KRS ch. 337 et seq.

5. At all material times, Defendant has acted as an employer with respect to Plaintiff.

6. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and KRS 337.010(1)(d).

7. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce.

9. At all times hereinafter mentioned, Plaintiff was an individual employee pursuant to KRS 337.010(1)(c) and was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. At all times relevant to this action, Plaintiff was employed by Defendant.

11. Defendant is a construction company which engaged in a construction contract to build a school in Madison County, Kentucky.

12. Plaintiff worked as an employee for Defendant on that construction project in Madison County, Kentucky from April 17, 2018 until July 2018. Defendant required him to work for 10 hours per day for 6 days per week, and occasionally seven days a week. He worked as a bricklayer's assistant.

13. Defendant was supposed to pay Plaintiff $14 per hour and $21 per hour overtime, but failed to pay all that was due in regular wages for approximately 282 hours in the approximate amount of $3,948 and failed to pay approximately 82 hours overtime in the

total amount of $1,722. As a result of Defendant's refusal to pay any wages for approximately 282 hours, Plaintiff quit his employment.

## COUNT I

### FAIR LABOR STANDARDS ACT
### MINIMUM WAGE AND OVERTIME

14. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 13.

15. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

16. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d).

17. At all times relevant to this action, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

18. At all times relevant to this action, Plaintiff was employed by Defendant in an enterprise engaged in interstate commerce or the production of goods for commerce.

19. During the relevant period, Defendants violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing Plaintiff in an enterprise engaged in commerce within the meaning of the FLSA as aforesaid, Defendant acted willfully in failing to pay Plaintiff in accordance with the law.

20. Defendant failed to pay all Plaintiff the minimum wage as required by the FLSA, for 5 weeks approximately 282 hours of work performed in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a) and failed to pay regular wages in the amount of $1,450 and overtime of minimum wage in the amount of $891.75 for a total amount of $2,341.75.

21. Defendant's failure to pay Plaintiff proper minimum wage and overtime were a willful violation of the FLSA.

22. As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover treble damages in the amount of $7,025.25 and an equal amount of the original unpaid amount in liquidated damages of $2,341.75 and reasonable attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 216(b), plus pre-judgment interest, post-judgment interest and court costs.

## COUNT II

### KENTUCKY'S MINIMUM WAGE LAW
### MINIMUM WAGE

23. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22.

24. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of K.R.S. 337.010 § (1)(e).

25. At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of K.R.S. 337.010 § (1)(d).

26. Defendant failed to pay Plaintiff any minimum wage as required by K.R.S. 337.275 for approximately 282 hours of work Plaintiff performed until he left

Presiding Judge: HON. JEAN C. LOGUE (625304)

COM : 000004 of 000007

in July 2018.

27. Defendant failed to make, keep, or preserve adequate records for Plaintiff required by K.R.S. 337.320.

28. Defendant failed to pay Plaintiff for his work within 18 days of its completion as required by K.R.S. 337.020, by not paying Plaintiff any minimum wage for the last 5 weeks to cover the 282 hours of work.

29. As a result of Defendant's violations of Kentucky's Wage and Hour Laws, pursuant to KRS 337.285, 337.065, 337.320, and KRS 337.990(1),(5),(7) respectively Plaintiff is entitled to recover approximately $2,341.75 in unpaid minimum wages, plus an additional equal amount in liquidated damages, reasonable attorneys' fee, plus pre-judgment interest, post-judgment interest and court costs, and costs of this action, pursuant to K.R.S. 337.385 plus a statutory penalty of $1,000 pursuant to KRS 337.990.

## COUNT III

### BREACH OF CONTRACT

30. Plaintiff re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 13.

31. The parties had a contract for Defendant to pay $14 per week for work at 40 hours per week.

32. Plaintiff complied with his agreement by working the 40 hours per week - including Sundays.

33. Defendant failed to comply with their agreement by his failure to pay a total of $4,522 consisting of overtime wages and $1,722 in regular wages and $2,800 in regular wages.

34. Defendant therefore breached his contract to Plaintiff in the amount of $4,522.

Presiding Judge: HON. JEAN C. LOGUE (625304)

COM : 000005 of 000007

35. Plaintiff suffered damages as a result of the failure to comply with the contract and he requests damages in the amount of $4,522, together with pre-judgment and post-judgment interest and court costs.

WHEREFORE, cause having been shown, Plaintiff requests judgment against Defendant:

a. For an Order pursuant to 29 U.S.C. § 216(b) of the FLSA finding Defendant liable for unpaid back wages and overtime wages and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b. For an Order pursuant to KRS 337.385 finding Defendants liable and awarding Plaintiff his unpaid minimum wage plus overtime, plus an equal amount as liquidated damages, for Defendant's violation of KRS 337.275;

c. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for Defendant's failure to pay Plaintiff minimum wages in violation of KRS 337.275;

d. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for Defendant's failure to pay Plaintiff for his work within 18 days of its completion in violation of KRS 337.020;

e. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for Defendant's failure to maintain employee records as required by KRS 337.320;

f. For an Order awarding Plaintiff the costs of this action;

g. For an Order awarding Plaintiff attorneys fees; and

h. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

I.  Damages for breach of contract; and

j.  For an Order granting such other and further relief as appropriate.

Respectfully submitted by:

*[signature]*

Kevin Palley for Kevin Palley, PSC
407 N. Broadway
Lexington, KY 40508-1301
(859) 268-1110
Attorneys for Plaintiff

This 19th day of July, 2019.

*[signature]*

Michael Barnett for Barnett Law PLLC
271 W. Short St., Suite 102
Lexington, Ky 40507
(859) 215-3335

### CERTIFICATE OF SERVICE

I hereby certify that a courtesy copy of this Complaint was mailed by regular US Mail with sufficient postage and correctly addressed to Counsel for Defendant, Benjamin Riddle, Steptoe & Johnson, 700 N. Hurstbourne Parkway, Suite 115, Louisville, Ky 40222.

*[signature]*

Kevin Palley for Kevin Palley, PSC
407 N. Broadway
Lexington, KY 40508-1301
(859) 268-1110
Attorneys for Plaintiff