UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JONAS PEREZ GAMAS | ) |
| | ) |
| PLAINTIFF | ) CASE NO.: 5:19-CV-337-GFVT |
| vs. | ) |
| | ) |
| DIVISION 4 CONSTRUCTION, LLC | ) |
| | ) |
| DEFENDANT | ) |
| | ) |

## DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Now Comes Defendant, Division 4 Construction, LLC ("Division 4"), by and through its attorneys, Steptoe & Johnson PLLC, and for its Answer and Defense to the Complaint of Jonas Perez Gamas, states as follows:

## ANSWER

1. Division 4 denies the allegations of ¶1 of Plaintiff's Complaint.

2. Defendant admits the allegations of ¶2 insofar as it is limited liability company duly licensed to operate in Kentucky with a principal office in Tennessee, and that it engaged in construction work in Madison County, Kentucky. The remainder of Paragraph 2 is denied.

3. Division 4 denies the allegations of ¶3 of Plaintiff's Complaint.

4. Paragraph 4 of the Complaint calls for a legal conclusion, to which no response is required. To the extent any response is deemed necessary, Defendant denies that Plaintiff has property asserted any claims against Division 4.

5. Division 4 denies the allegations of ¶¶5 and 6 of Plaintiff's Complaint.

6.      Paragraph 7 of the Complaint calls for a legal conclusion, to which no response is required.  To the extent any response is deemed necessary, Defendant denies that it is engaged in an enterprise with any other individuals or entities as defined by 29 U.S.C. § 203(r).

7.      Paragraph 8 of the Complaint calls for a legal conclusion, to which no response is required.  To the extent any response is deemed necessary, Defendant admits that it is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).  However, Defendant denies that it is engaged as a single enterprise with any other individual or entity, and further denies that it is an employer of Plaintiff.

8.      Division 4 denies the allegations of ¶¶9 and 10 of Plaintiff's Complaint.

9.      Defendant admits Paragraph 11 insofar as it engaged in construction work to construct a school in Madison County, Kentucky.  Defendant denies the remainder of Paragraph 11.

10.     Division 4 denies the allegations of ¶¶12 and 13 of Plaintiff's Complaint.

11.     In response to the allegations of ¶14 of Plaintiff's Complaint, Division 4 adopts and incorporates its responses to the allegations of Plaintiff's Complaint as otherwise set forth herein.

12.     Division 4 denies the allegations of ¶¶15, 16, 17, 18, 19, 20, 21, and 22 of Plaintiff's Complaint.

13.     Paragraph 21 of the Complaint calls for a legal conclusion, to which no response is required.  To the extent any response is deemed necessary, the allegations contained in Paragraph 21 are denied.

14.     Paragraph 22 of the Complaint calls for a legal conclusion, to which no response is required.  To the extent any response is deemed necessary, the allegations contained in Paragraph 22 are denied.

15. In response to the allegations of ¶23 of Plaintiff's Complaint, Division 4 adopts and incorporates its responses to the allegations of Plaintiff's Complaint as otherwise set forth herein.

16. Division 4 denies the allegations of ¶¶24, 25, 26, 27, 28 and 29 of Plaintiff's Complaint.

17. In response to the allegations of ¶30 of Plaintiff's Complaint, Division 4 adopts and incorporates its responses to the allegations of Plaintiff's Complaint as otherwise set forth herein.

18. Paragraph 31 of the Complaint calls for a legal conclusion, to which no response is required. To the extent any response is deemed necessary, the allegations contained in Paragraph 31 are denied.

19. Paragraph 32 of the Complaint calls for a legal conclusion, to which no response is required. To the extent any response is deemed necessary, the allegations contained in Paragraph 32 are denied.

20. Division 4 denies the allegations of ¶ 33 of Plaintiff's Complaint.

21. Paragraph 34 of the Complaint calls for a legal conclusion, to which no response is required. To the extent any response is deemed necessary, the allegations contained in Paragraph 34 are denied.

22. Paragraph 35 of the Complaint calls for a legal conclusion, to which no response is required. To the extent any response is deemed necessary, the allegations contained in Paragraph 35 are denied.

23. Defendant denies each and every remaining allegation in the Complaint not specifically admitted herein.

**FIRST DEFENSE**

The Complaint fails to state any claims upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are not covered by the Fair Labor Standards Act or Kentucky's Minimum Wage Law as Plaintiff was not an "employee" pursuant to 29 U.S.C. § 203(e)(1) or Ky. Rev. Stat. § 337.010 *et seq.*

**THIRD DEFENSE**

No actions taken by Division 4 with respect to Plaintiff constitute a willful, knowing, or reckless disregard of Plaintiff's rights under the law; therefore, Plaintiff may not recover liquidated damages. Plaintiff fails to state a claim upon which liquidated damages can be awarded.

**FOURTH DEFENSE**

All or part of each and every claim asserted in the Complaint is barred by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

**FIFTH DEFENSE**

The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

**SIXTH DEFENSE**

To the extent that Plaintiff suffered any damages, the existence of which Division 4 denies, they are a consequence of his own actions and/or omissions and/or he has failed to mitigate those damages.

**SEVENTH DEFENSE**

Division 4's actions and/or omissions were in good faith, in conformity with applicable statutes, laws, and regulations, and based upon the reasonable belief that Division 4 was in compliance with all applicable laws; therefore, Plaintiff cannot prove a willful violation of any statutes.

**EIGHTH DEFENSE**

Plaintiff's claims fail because at all times Plaintiff has been paid all compensation due and owing in accordance with all applicable federal, state, and local law.

**NINTH DEFENSE**

In accordance with FCRP 8(c), Division 4 affirmatively pleads that all or part of the Plaintiff's claims may be barred by any or all of the remaining affirmative defenses allowed by FCRP 8(c). Division 4 agrees to supplement this pleading in the event the pre-trial discovery establishes that the foregoing defenses are not applicable in this action.

**TENTH DEFENSE**

Division 4 states that the imposition of punitive damages as demanded by Plaintiff upon the facts as alleged in the Complaint would be in violation of the due process rights afforded it by the Constitution of the United States Constitution of the Commonwealth of Kentucky.

**WHEREFORE**, the Defendant, Division 4 Construction, LLC, by counsel, having fully responded to the Complaint of the Plaintiff, respectfully requests the following relief:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Its costs herein expended, including a reasonable fee for its attorneys; and

3. For any and all other relief to which it may appear appropriately entitled.

    Respectfully submitted,

    */s/ Benjamin L. Riddle*
    BENJAMIN L. RIDDLE
    STEPTOE & JOHNSON PLLC
    700 N. Hurstbourne Parkway, Suite 115
    Louisville, Kentucky 40222
    O: (502) 423-2000
    benjamin.riddle@steptoe-johnson.com
    *Counsel for Defendant*
    *Division 4 Construction, LLC*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing has this 28th day of August, 2019 been served via electronic filing through the court's CM/ECF system and/or U.S. Mail upon the following:

Kevin Palley
Kevin Palley, PSC
407 N. Broadway
Lexington, KY 40508-1301
Phone: (859) 268-1110
*Counsel for Plaintiff*

Michael Barnett
Barnett Law PLLC
271 W. Short St., Suite 102
Lexington, KY 40507
Phone: (859) 215-3335
*Counsel for Plaintiff*


*/s/ Benjamin L. Riddle*
*Counsel for Defendant*
*Division 4 Construction, LLC*